## Linck, Appellant, *v.* MacMillan.

*Promissory notes—Release—Evidence—Question for jury.*

In an action on a promissory note by the indorsee against the payee, where the maker signed as agent, it is proper to submit the case to the jury where there is evidence that the maker executed a bill of sale for a number of horses to the indorsee who thereupon released the payee, but the indorsee claims that the bill of sale was taken merely as security for payment of the note, and also that the maker had no title to the horses.

Argued March 13, 1894. Appeal, No. 52, Jan. T., 1894, by plaintiff, J. H. Linck, from judgment of C. P. Lycoming Co., June T., 1891, No. 476, on verdict for defendant, Malcolm MacMillan. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Assumpsit on promissory note by indorsee against payee.

At the trial, before METZGER, P. J., it appeared that, on March 4, 1889, A. P. Sallade, being indebted to defendant, gave him his promissory note, signed by A. P. Sallade, Agent. Defendant, being indebted to plaintiff, indorsed Sallade's note and gave it to plaintiff. The note was not met at maturity. After the maturity of the note, defendant sued Sallade before an alderman of the city of Williamsport, obtained judgment for $184.29, issued execution and levied upon certain horses then in possession of Sallade. Defendant claimed that while this levy was still in force he put his judgment against Sallade under the control of plaintiff, who first continued the sale of the horses levied upon, finally took from Sallade a bill of sale for them and at the same time released defendant. Plaintiff, ad-

mitting that he took a bill of sale for the horses, claimed that he entered into this attempt to hold Sallade merely in order to accommodate defendant; that the bill of sale was taken by him as security only, and denied that defendant was released.

The evidence tended to show that Sallade was in possession of the horses in question as agent of John Group, and that he afterwards took them outside of Pennsylvania and sold them.

Neither Group nor Sallade denied the latter's power to sell or pledge.

Plaintiff's points were among others as follows:

"3. If the jury believe the horses were not the property of A. P. Sallade at the time of the alleged transfer to the plaintiff, their verdict must be for the plaintiff. *Answer:* This alone would not be sufficient to prevent a recovery; because, although the horses might not be the property of A. P. Sallade, yet he might have the control of them and be-able to pledge them, and if you are satisfied that he had such power, then this point would not be good; but if the horses were not the property of Sallade and Mr. Linck was imposed on by any misrepresentation, or his want of information was taken advantage of in any way, why, as a matter of course, this would be such a fraud as would prevent the defence being successful." [1]

"4. If the jury believe the horses were not the property of A. P. Sallade at the time of the alleged transfer to the plaintiff, and that the defendant had knowledge thereof, their verdict must be for the plaintiff. *Answer:* We answer this point the same as we answered the next preceding one. It all depends upon the power of Sallade to make the transfer." [2]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1, 2) instructions, quoting them.

*Max L. Mitchell, B. S. Bentley* with him, for appellant, cited: Whitehill v. Wilson, 3 P. & W. 413; Ritter v. Singmaster, 73 Pa. 402; Moore's Exrs. v. Patterson, 28 Pa. 512.

*Charles J. Reilly,* for appellee, cited: Byles on Bills, 96; 2 Kent, 465; Shoenberger's Exrs. v. Zook, 34 Pa. 28; 3 A. & E. Ency. L., p. 831; Hind v. Holdship, 2 Watts, 104; Mercer v. Lancaster, 5 Pa. 162; Esling v. Zantzinger, 13 Pa. 52; Sidney School Furniture Co. v. Warsaw School Dist., 130 Pa. 76.

PER CURIAM, March 26, 1894:

This case depended on questions of fact which were clearly for the consideration of the jury; and it appears to have been submitted to them with instructions which were warranted by the testimony. The only errors assigned are the learned judge's answers to plaintiff's third and fourth points for charge. In substance, said answers were that the facts of which said points are predicated would not alone be sufficient to prevent a recovery; because, although the horses might not be the property of Sallade, yet he might have control of them and be able to pledge them; and, if the jury were satisfied he had such power, the points would not be good. But if the horses were not the property of Sallade and plaintiff was imposed on by any misrepresentation, or his want of information was taken advantage of in any way, this would be such a fraud as would prevent the defence set up from being successful. "It all depends upon the power of Sallade to make the transfer." The verdict for defendant necessarily implies a finding by the jury that as a matter of fact Sallade was authorized to make the transfer. That finding of fact was not unwarranted by the testimony. There is nothing in either of the specifications of error that requires a reversal of the judgment.

Judgment affirmed.